IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Raymond Lavan Amerson, | ) | |
| | ) | Civil Action No. 3:12-2448-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin,[1] Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Raymond Lavan Amerson ("Amerson"), brought this action under Title 42, United States Code, section 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits. This case is before the court on the magistrate judge's Report and Recommendation ("Report"), recommending that the court affirm the Commissioner's decision. (ECF No. 11.)[2]

I. Background

Amerson filed an application for disability insurance benefits on October 2, 2006, alleging disability since January 6, 2006, due to arthritis, back pain, depression, and irritable bowel syndrome. The Commissioner denied his application and he brought an action in this court. *See* Civil Action No. 3:09-02857-HMH-JRM. This court remanded the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

---

[1] Carolyn W. Colvin became the Acting Commissioner or Social Security on February 14, 2013. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this lawsuit.

[2] Pursuant to Local Civil Rule 73.02(B)(2)(a) and 42 U.S.C. § 636(b)(1), a United States Magistrate Judge may conduct initial review of social security matters. The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which either party specifically objects. The court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

After remand, an Administrative Law Judge ("ALJ") reheard testimony from Amerson and a vocational expert. The ALJ issued a decision denying Amerson's claims. At the time Amerson was last insured for disability benefits, March 31, 2006, he was fifty-two years old, had a twelfth grade education (without a high school diploma), and had past relevant work experience as a general farmer. The ALJ found that Amerson suffered from several severe impairments under the Act, including obesity, irritable bowel syndrome, and vertigo. After considering the record, the vocational expert's testimony, and Amerson's own testimony, the ALJ found that Amerson should be limited to light work with certain restrictions, but that his impairments did not equal one of the listed impairments and that jobs existed that Amerson was capable of performing. The Appeals Council declined jurisdiction, making the ALJ's decision the final decision of the Commissioner. Amerson has now brought this action challenging the Commissioner's decision.

## II. Standard of Review

The federal judiciary has a limited role in the administrative scheme established by the Social Security Act ("SSA" or the "Act"). Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

### III. Discussion

Amerson has raised four specific objections: (1) the magistrate judge failed to give controlling weight to Amerson's treating physician's opinion; (2) due to his age, Amerson should not be considered re-trainable; (3) Amerson is disabled under 20 C.F.R. Pt. 404, Subpt. P, App. 2, Sec. 201.10; and (4) The ALJ failed to assign enough importance to Amerson's depression. (ECF No. 13.) In response, the Commissioner asserts that the parties and the magistrate judge have already fully addressed the issues raised regarding Amerson's treating physician and the weight assigned to Amerson's mental condition. (ECF No. 17, *see* Pl. Br., ECF No. 8 pp. 2-3; Def. Br., ECF No. 9 pp. 9-12; Report, ECF No. 11 pp. 14-17.) The court has fully reviewed the portions of the record relating to these two issues and finds that, as discussed more extensively in the Report, the Commissioner's findings as to both are supported by substantial evidence.

As to Amerson's other two objections, the court does not find either persuasive. First, Amerson does not cite any authority to support his proposition that based on his age alone, the ALJ should have found that he was not capable of adjusting to work other than his prior work experience.[3] In making this finding, the ALJ, as he is required to do, considered Amerson's age,

---

[3] Amerson's full objection states: "The claimant, who was born on May 25, 1953, was 53 years old as of his date last insured (March 31, 2006). Because of his age (closely approaching advanced age), the Plaintiff should not be considered re-trainable." (ECF No. 13.) Without further guidance, the court interprets this objection as referring to the ALJ's finding number 10.

along with other relevant factors. (*See* ALJ Decision, ECF No. 7-8 p. 32.) Second, as discussed in the Report, even under § 202.10's[4] framework, Amerson would not be disabled. The primary difference between § 202.10 and the section the ALJ applied, § 202.14, is the claimant's level of education. Amerson's objection asserts that "[h]e had a limited education and read at a 5th grade level." (ECF No. 13 p. 2.) In order to be considered disabled, Amerson would have to be illiterate or unable to communicate in English. (*See* § 202.09.) While a fifth grade education is less than a high school education, as the ALJ found, it is certainly more than illiteracy.[5] In addition, the record clearly indicates Amerson's ability to communicate in English with doctors, attorneys, ALJs, and Social Security Administration representatives.

In sum, the court has considered all of Amerson's objections and sees no reason to deviate from the Report. The ALJ's decision is well-reasoned and supported by substantial evidence.

### IV. Conclusion

Therefore, after a full review of the record in this case, the court adopts the Report and incorporates it herein. Accordingly, the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

                                                                    s/Timothy M. Cain
                                                                    United States District Court Judge

December 3, 2013
Anderson, South Carolina

---

[4] Amerson's objection cites to § 201.10. However, the court does not find evidence in the record that Amerson objects to the ALJ's finding that Amerson should be limited to light, rather than sedentary, work. Thus, the court assumes that Amerson meant to cite to § 202.10. If Amerson did intend to argue that he should be limited to sedentary work, then that argument is unsupported by the record and equally unpersuasive.

[5] Amerson's arguments regarding his level of literacy have been fully briefed by the parties and considered in the Report and by this court. (*See* ECF No. 8 p. 2; ECF No. 9 pp. 7-9; ECF No. 11 pp. 12-14.)